IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MUELLER,       Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-898 |
| SUNBEAN PRODUCTS INC. d/b/a PRESTIGE HOME COMFORT/ELITE GROUP, INC.,       Defendant. | : : : : | |

April 22, 2021                                                                                       Anita B. Brody, J.

## MEMORANDUM

### I. INTRODUCTION

On April 13, 2019, a malfunctioning water cooler caused a fire to erupt at Plaintiff Richard Mueller's property that resulted in extensive damage to the property. The malfunctioning water cooler was designed, manufactured, assembled, tested, inspected, marketed, and distributed into the stream of commerce by Defendant Sunbeam Products, Inc. d/b/a Prestige Home Comfort/Elite Group, Inc. ("Sunbeam"). Due to the fire, Mueller brings state law claims against Sunbeam for strict liability, negligence, breach of implied warranties, and breach of express warranties. I exercise diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. Sunbeam moves to dismiss Mueller's breach of express warranties claim. I will grant Mueller's partial motion to dismiss Mueller's breach of express warranties claim.

### II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

1

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

"To survive a motion to dismiss, a complaint need not be detailed." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021). But a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)). "Plausible does not mean possible. The facts must be more than 'merely consistent with a defendant's liability.' But plausible does not mean probable either. The court need only be able to draw a 'reasonable inference' that the defendant has broken the law." *Martinez*, 986 F.3d at 265 (quoting *Iqbal*, 556 U.S. at 678).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may

consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III. DISCUSSION

Sunbeam moves to dismiss Mueller's breach of express warranties claim on the grounds that Mueller has failed to sufficiently plead the claim. Under Pennsylvania law,[1] express warranties are created by the seller as follows:

> (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

13 Pa. Cons. Stat. Ann. § 2313(a). "[T]his section is limited in its scope and direct purpose to warranties made by the seller to the buyer as part of a contract for sale . . . ."[2] 13 Pa. Cons. Stat. Ann. § 2313 cmt. 2. "[E]xpress warranties are bargained, 'dickered,' individualized promises that the goods will perform up to the specific standards set forth in that warranty." *Goodman v. PPG Indus., Inc.*, 849 A.2d 1239, 1245 (Pa. Super. Ct. 2004) (quoting 13 Pa. Cons. Stat. Ann. §

---

[1] A federal court siting in diversity must apply the substantive law of the state in which it sits, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938), including its choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Here, a choice of law analysis is not necessary because both parties appear to agree that Pennsylvania law applies. *Zicherman v. Korean Air Lines Co., Ltd*., 516 U.S. 217, 228-29 (1996) (stating that a choice of law analysis was not required because the parties agreed upon the law to be applied); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) ("Here, the parties' briefs assume that New York law controls this issue, and such 'implied consent ... is sufficient to establish choice of law.'" (quoting *Krumme v. WestPoint Stevens, Inc.*, 238 F.3d 133, 138 (2d Cir.2000))).  Thus, Pennsylvania law applies.

[2] However, it is "not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract.  13 Pa. Cons. Stat. Ann. § 2313 cmt. 2.

2313, Official Cmt., ¶ 1). "[T]o create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them." *Goodman*, 849 A.2d at 1243 (citing 13 Pa. Cons. Stat. Ann. § 2313, Official Cmt., ¶ 4 ("the whole purpose of the law of warranty is to determine what it is that that the seller has in essence agreed to sell[.]")).

"Thus, to state a cognizable claim for breach of express warranty, a plaintiff must allege both that defendant made 'an actual affirmation of fact or a promise,' and that the affirmation of fact or promise 'formed the basis of the bargain' between the defendant and the plaintiff." *Dunstan v. Bayer Essure, Inc.*, No. CV 16-1458, 2017 WL 4392046, at *4 (E.D. Pa. Oct. 3, 2017) (quoting *Jeter v. Brown & Williamson Tobacco Corp.*, 113 Fed. App'x 465, 468 (3d Cir. 2004)). "Where an express warranty claim is based on advertisements, a plaintiff must allege that she saw or heard, and also believed, the allegedly false advertisements in order to satisfy her obligation to allege that advertisements formed the basis of the bargain." *Id.*; *accord Starks v. Coloplast Corp.*, No. CIV.A. 13-3872, 2014 WL 617130, at *6 (E.D. Pa. Feb. 18, 2014). "Absent a demonstration that a promise or affirmative statement was made, how or by whom the promise was made, or what was in fact promised, a claim for breach of express warranty is not sufficiently plead." *Starks*, 2014 WL 617130, at *6; *accord Conley v. St. Jude Med., LLC*, 482 F. Supp. 3d 268, 278 (M.D. Pa. 2020).

Mueller's Complaint includes only a few sparse allegations related to his express breach of warranties claim. Mueller alleges that "[i]n conjunction with the design, manufacture and sale of the subject water cooler, Sunbeam expressly . . . warranted that the product would be free from defects and safe to use for its intended purpose." Compl. ¶ 39. "Sunbeam breached these warranties because the subject water cooler was not free of defects, was not of merchantable

quality, and was not fit for the purposes for which it was intended." Compl. ¶ 40. Mueller also alleges that he "relied upon the warranties set forth by Sunbeam to [his] detriment." Compl. ¶ 39. Lastly, he alleges that his "damages occurred as a direct result of Sunbeam's . . . breach of its expressed warranties." Compl. ¶ 42.

In a conclusory fashion, Mueller recites the legal elements of a claim for breach of express warranties, but he does not provide the factual support to plausibly give rise to an entitlement to relief. While Mueller alleges that Sunbeam made express warranties "[i]n conjunction" with its design, manufacture, and sale of the water cooler, Compl. ¶ 39, Mueller does not state when, how, or to whom these affirmations or promises were made. Moreover, Mueller merely alleges that he "relied upon the warranties," Compl. ¶ 39, but he does not indicate whether he relied on the warranties when making his decision to purchase the water cooler. In fact, Mueller never alleges that he purchased the water cooler. Rather, Mueller only alleges that, prior to the fire on April 13, 2019, he "operated the subject water cooler." Compl. ¶ 9.

Section 2313 "is limited in its scope and direct purpose to warranties made by the seller to the buyer as part of a contract for sale . . . ." 13 Pa. Cons. Stat. Ann. § 2313 cmt. 2. "[T]o create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them." *Goodman*, 849 A.2d at 1243. Because Mueller has not alleged that he is the buyer of the water cooler, he has not provided factual allegations necessary to raise a reasonable inference that Sunbeam's affirmations of fact or promise 'formed the basis of the bargain' to purchase the water cooler.[3]

---

[3] Pennsylvania law allows for the enforcement of an express warranty by a third party, who is not the buyer, under certain circumstances. *See Goodman*, 849 A.2d at 1246; 13 Pa. Cons. Stat. Ann. § 2318. Mueller, however, has not alleged any facts or made any arguments in his brief to indicate that he is pursuing this claim as a third party.

Mueller has not plausibly stated a claim for breach of express warranties. I will grant Sunbeam's motion to dismiss Mueller's breach of express warranties claim without prejudice to Mueller to file an amended complaint.

          _S/Anita B. Brody_      
          ANITA B. BRODY, J.

Copies ecf _____ to:      Copies mailed _____ to:

Copies **VIA ECF** on